UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-mj-03969 Damian

UNITED STATES OF AMERICA

vs.

SERGIO MIGUEL HERNANDEZ-FLORES,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No.

                                          Respectfully submitted,

                                          MARKENZY LAPOINTE
                                          UNITED STATES ATTORNEY

                             By:  *Yara Dodin*
                                    Yara Dodin
                                    Assistant United States Attorney
                                    Florida Bar Number: 0124979
                                    99 Northeast 4th Street
                                    Miami, Florida 33132-2111
                                    Tel: 786-761-3135
                                    Email: Yara.Dodin@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>SERGIO MIGUEL HERNANDEZ-FLORES,<br><br>*Defendant* | )<br>)<br>) Case No.  1:23-mj-03969 Damian<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  September 2023 - October 5, 2023  in the county of  Miami-Dade  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371<br>18 U.S.C. § 1960(a) | Conspiracy to conduct an unlicensed money remitter. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Andrew Park, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  Face Time

Date:  October 11, 2023

*Judge's signature*

City and state:   Miami, Florida              Honorable Melissa Damian, United States Magistate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew Park, Special Agent with Homeland Security Investigations ("HSI"), having been first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been so employed since November 2019. I am a graduate of the Criminal Investigator Training Program ("CITP") and Homeland Security Investigations Special Agent Training ("HSISAT") at the Federal Law Enforcement Training Center, Glynco, Georgia. Furthermore, I served as a Federal Air Marshal with the Transportation and Security Administration, Department of Homeland Security for fifteen years and as an Immigration Inspector, Immigration and Naturalization Service, U.S. Department of Justice, for four years on the southern land border of the United States. Currently I am assigned to the Parcel and Passenger Investigations Group, at the Miami International Airport, in Miami, Florida. I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7). I am an officer of the United States empowered by law to conduct investigations and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

2. I make this affidavit based upon my own observations in connection with this investigation, and information provided to me in my official capacity by witnesses, other law enforcement officers, and other persons.

3. This affidavit is made in support of a criminal complaint charging defendant Sergio Miguel HERNANDEZ-FLORES ("HERNANDEZ-FLORES") with conspiracy to conduct an unlicensed money remitter in violation of Titles 18, United States Code, Section 1960(a), all in violation of Title 18, United States Code, Section 371.

4. Pursuant to Title 18, United States Code, Sections 1960(a), it is unlawful to

knowingly conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business. Relevant to this affidavit, a money transmitting business is unlicensed if it is (a) "operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or felony under state law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable," Title 18, United States Code, Section 1960(b)(1)(A), or (b) if it "fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section," namely to register with FinCEN, Title 18 United States Code, Section 1960(b)(1)(B).

5. On or about October 5, 2023, HERNANDEZ-FLORES was selected for a secondary inspection by Customs and Border Protection ("CBP") Officers upon his arrival at Miami International Airport. HERNANDEZ-FLORES arrived via Aero Mexico Flight 412, from Mexico City, Mexico. During inspection and a border search, information contained in HERNANDEZ-FLORES' cellphone indicated his possible involvement in money laundering activities. CBP officers then contacted HSI Special Agents for further investigation.

6. On or about October 5, 2023, during a post-*Miranda* interview of HERNANDEZ-FLORES by HSI Special Agents, HERNANDEZ-FLORES told agents that he travels from Mexico to the United States to deposit cash into various business banking accounts on behalf of others. HERNANDEZ-FLORES claimed he did not know where the money comes from, but initially described it as "bad money," showing that he understood that it comes from an illicit source.

7. HERNANDEZ-FLORES told law enforcement that in September 2023, he received US currency from unknown individuals in both Miami, Florida and Baltimore, Maryland. HERNANDEZ-FLORES stated he received money on appropriately eight occasions in Baltimore

and two occasions in Miami. He told law enforcement that he deposited that currency into various business banking accounts after receiving the money from unknown individuals, and then later received instructions from an individual HERNANDEZ-FLORES identified as "FRANK" in Mexico, who would provide HERNANDEZ-FLORES the business names, bank account numbers, and amounts to be deposited. HERNANDEZ-FLORES said he was paid 0.5% of the total amount of US currency he deposited. He further stated the purpose of this trip to the US was to conduct the same type of transactions.

8. HERNANDEZ-FLORES acknowledged he was a former Mexican federal police officer and based on his previous knowledge, training and experience, HERNANDEZ-FLORES stated he understood that it was unusual to deposit money on behalf of others and that the money came from an unknown source. In a follow-up post-*Miranda* interview, HERNANDEZ-FLORES acknowledged the previous advisement of his *Miranda* rights and was still willing to speak with law enforcement without the presence of an attorney. HERNANDEZ-FLORES subsequently described the money he received as coming from something "illegal". HERNANDEZ-FLORES acknowledged the money he received was most likely from illegitimate sources (namely, drug trafficking sources). Following the interview, HERNANDEZ-FLORES was released without further incident.

9. On or about October 5, 2023, HERNANDEZ-FLORES contacted HSI and stated "FRANK" notified him of a pending delivery of US currency to HERNANDEZ-FLORES' hotel room, located in Miami, Florida. HSI subsequently conducted surveillance of the hotel during the delivery of currency to HERNANDEZ-FLORES' hotel room but did not observe the courier arrive or depart. HERNANDEZ-FLORES told HSI special agents that the courier arrived at the hotel room and gave the money to HERNANDEZ-FLORES before leaving. HSI Special Agents went

to HERNANDEZ-FLORES' hotel room and HERNANDEZ-FLORES turned over approximately $145,000 to HSI Special Agents, which was subsequently seized. HERNANDEZ-FLORES stated he received the money from a Hispanic male who previously delivered money to HERNANDEZ-FLORES in September 2023 when he was in Miami.

10. On or about October 6, 2023, HERNANDEZ-FLORES advised he received a text message from "FRANK" which instructed HERNANDEZ-FLORES to deposit a cumulative total of $20,000 at a Valley National Bank in Miami, Florida into the same business account number via three separate deposits in the amounts of $7,500, $6,300 and $6,200.

## CONCLUSION

11. Based on the foregoing, probable cause exists to prove that, from in or about September 2023, through on or about October 5, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, Sergio Miguel HERNANDEZ-FLORES, did conspire to knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(a), by agreeing to the transferring of funds within this country, on behalf of the public by any and all means, including couriers, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in the States of Florida and Maryland, where such an operation was punishable as a felony, and without registering as a money transmitting business with FinCEN as required by Section 5330 of Title 31, United States Code and the regulations prescribed thereunder, all in violation of Title 18, United States Code, Section 1960(a), in violation of Title 18, United States Code, 371.

where such an operation was punishable as a felony, and without registering as a money transmitting business with FinCEN as required by Section 5330 of Title 31, United States Code and the regulations prescribed thereunder, all in violation of Title 18, United States Code, Section 1960(a), in violation of Title 18, United States Code, 371.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
ANDREW PARK
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 11th day of October 2023

_____
HONORABLE MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE